**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KEVIN KENNEY,

Plaintiff,

v. No. 1:26-cv-610-KRS-JMR

BOARD OF COUNTY COMMISSIONERS FOR UNION COUNTY; CLAY KIESLING, in his individual capacity; LLOYD "RED" MILLER, in his individual capacity; W. CARR VINCENT, in his individual capacity; UNION COUNTY SHERIFF'S OFFICE, and CURTIS SKAGGS, Union County Sheriff,

Defendants.

**ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO STAY DISCOVERY**

THIS MATTER is before the Court on Defendants' "Emergency Motion To Stay Discovery And For Protective Order Pending Resolution Of Motion For Judgment On The Pleadings" ("Motion") (Doc. 36). The Motion is brought by Defendants Clay Kiesling, Lloyd "Red" Miller, W. Carr Vincent, Curtis Skaggs, and the Union County Sheriff's Office ("the Moving Defendants"). Defendant Board of County Commissioners for Union County ("the Board") is not one of the Moving Defendants. But the Motion seeks to stay all discovery in the case, including discovery from the Board, and the Motion states that the Board "concurs in th[e] motion." (Doc. 36 at 2).

**Background**

Plaintiff Kevin Kenney is a resident of Dallas County, Texas, and the owner of the Cedar Creek Ranch located in Union County, New Mexico on which Plaintiff conducts cattle ranching operations. The central issues in this case are whether a road that crosses through Cedar Creek Ranch is a public road, whether Union County ("the County") is entitled to access, maintain, and

use Cedar Creek Road for public use, and, if Cedar Creek Road is a public road, what the parameters or limitations are for the portion of the Cedar Creek Road that is situated on Cedar Creek Ranch. Plaintiff also makes claims for damages relating to certain conduct he alleges the various Defendants undertook in connection with Plaintiff and Cedar Creek Road. Plaintiff purchased Cedar Creek Ranch in December 2021. The Complaint alleges that, in Plaintiff's first operating year in 2022, Plaintiff experienced frequent issues with hunters using Cedar Creek Road to access Cedar Creek Ranch, trespassing on his private land, including vandalism and hunting on his private property, cut fences, illegal dumping of trash, and gates left open at entry points of Cedar Creek Ranch and between pastures. After he raised these issues with the County, Plaintiff alleges he was told by County representatives that the portion of Cedar Creek Road that traverses Cedar Creek Ranch is a public road and a Union County maintained road. The Board subsequently passed Resolution 2024-21 concerning "Union County Maintained Roads," pursuant to which the County claimed that Plaintiff was required to keep the gates or horse bars on Cedar Creek Ranch open. After March 5, 2024, the County also undertook work on Cedar Creek Road that the County contends was regular road maintenance. Plaintiff contends even if the road is a Union County maintained road, the County impermissibly expanded the scope and nature of Cedar Creek Road when it undertook the recent road work. The Complaint alleges First Amendment and Due Process violation claims, among others, and seeks both damages and injunctve relief for the County's alleged taking and/or damaging of Plaintiff's property and for the actions of various of the individual Defendants concerning Plaintiff and Cedar Creek Road.

**Procedural History**

Plaintiff filed the Complaint on February 27, 2026. (Doc. 1). Defendants answered the Complaint on June 3, 2026 (Docs. 12, 14). Consent to proceed before the undersigned pursuant to

28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b) was entered on June 23, 2026 (Docs. 13, 15, 16). On October 9, 2026, Plaintiff filed an "Emergency Motion For Preliminary Injunction And Request For Hearing" (Doc. 27). A telephonic status conference was conducted on October 21, 2026, at which an evidentiary hearing on Plaintiff's preliminary injunction motion was scheduled for January 7, 2027. *See* (Doc. 29). The Court also established deadlines for the parties to submit proposed witnesses and exhibits lists, and discussed the discovery that was being undertaken in preparation for the preliminary injunction hearing. Defense counsel also agreed at that time to the immediate entry of a stipulated order to maintain the status quo by pausing any improvements or other work the County was planning to undertake on the road in question until after the preliminary injunction hearing was held.[1] The Court also held a follow-up status conference on October 26, 2026, at which the parties' discovery needs for the preliminary injunction hearing was again discussed. *See* (Doc. 34).

Although Defendants' counsel advised the Court at the October 21 conference that Defendants would be filing a dispositive motion (Doc. 29 at 3), Defendants' counsel did not object at either the October 21 hearing or the October 26 hearing to proceeding with the discovery necessary for the preliminary injunction hearing, nor did he advise the Court that the dispositive motion Defendants intended to file would raise issues of immunity and be accompanied by a motion seeking to stay discovery. Four days after the second status conference, however, Defendants filed a motion for judgment on the pleadings in which they raised the defenses of qualified immunity and absolute legislative immunity (Doc. 35), and separately filed the present

[1] Although counsel agreed to the terms of the status quo order during the October 21, 2026 conference, the parties needed to prepare and submit to Chambers a draft stipulated order, which was not entered on the docket until November 4, 2026. *See* (Doc. 37).

Motion in which they request a stay of discovery pending a ruling on the motion for judgment on the pleadings (Doc. 36).

The previously agreed-to Interim Stipulated Order was entered on the docket on November 4, 2026. That order provides that Defendants will not perform any maintenance activities (including blading, grading, crowning, patching, cleaning, preserving, repairing, widening, deepening, drainage, additional materials added), or any modification activity, on designated stretches of Cedar Creek Road, and that Plaintiff can close horse bars and gates located in certain areas on the road (without locking them). (Doc. 37). The Interim Stipulated Order states that the status quo provisions in the order would remain in effect until the preliminary injunction hearing on January 7, 2027, and also sets forth deadlines for witness and exhibit lists, as well as other deadlines related to the preliminary injunction hearing. (*Id.*).

Plaintiff filed his response to the present Motion on November 13, 2026 (Doc. 41), and Defendants filed their reply on November 20, 2026 (Doc. 46). The Court then held a telephonic hearing on the Motion on November 24, 2026, at which the Court announced that the Motion would be granted. The Court now follows that oral ruling with this written order.

**<u>Discussion</u>**

Judges in this District routinely stay all discovery once a defendant files a dispositive motion asserting the defense of qualified immunity. *See, e.g., Lowrey v. City of Rio Rancho*, No. 1:25-cv-849 JFR-LF, 2025 WL 3192778, at *1 (D.N.M. Nov. 14, 2025) (referring to a stay of discovery as the "[s]tandard practice"); *Ayala v. Wexford Health Sources*, *Inc.,* No. 1:24-cv-110-MV-SCY, 2024 WL 1540579, at *1 (D.N.M. Apr. 9, 2024) ("the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved"); *Encinias v. Sanders*, No. 20-cv-1005 WJ-SCY, 2021 WL 1634406, at *2 (D.N.M. Apr. 27, 2021) (seeing "no reason to depart

from the general rule"); *see also Jarrott v. Madrid*, No. 22-cv-298 KRS-GBW, 2022 WL 14812623, at *2 (D.N.M. Oct. 26, 2022); *Soza v. Demsich*, No. 17-cv-627 MV-KBM, 2017 WL 6596609, at *2 (D.N.M. Dec. 26, 2017). Moreover, as Defendants note in their reply brief on the present Motion, Plaintiff concedes the governing premise that "the assertion of qualified immunity ordinarily requires a stay of discovery pending resolution of that defense." (Doc. 46 (quoting Doc. 41 at 1)).

Plaintiff does not dispute that the Moving Defendants have raised immunity issues in their motion for judgment on the pleadings. Plaintiff also does not dispute that the stay of discovery required when immunity issues are raised generally extends to discovery sought from any party to the case, not just the party or parties asserting immunity. *See, e.g., Higgins v. Saavedra*, No. 1:17-cv-234 WPL-LF, 2017 WL 1437317, at *2 (D.N.M. Apr. 21, 2017). Nor does Plaintiff argue that he needs discovery to respond to the immunity issues raised by Defendants' motion for judgment on the pleadings, which is typically the only situation in which an exception is made to the rule providing for a stay of discovery pending resolution of immunity issues. Finally, as Plaintiff concedes, Defendants' prior agreement to engage in discovery in preparation for the preliminary injunction hearing does not constitute a waiver of their present arguments for staying discovery in light of their filing of the motion for judgment on the pleadings. Accordingly, the Court agrees with Defendants that a stay of discovery is in order until after the motion for judgment on the pleadings is ruled on.

The only remaining issue is whether and/or how to proceed with the preliminary injunction hearing given a stay of discovery. Defendants state that they will continue to adhere to the Stipulated Interim Order, and they concede that an order staying discovery does not disturb document production Defendants agreed to make prior to the stay going into effect. *See* (Doc. 46

at 5 (citing *Encinias v. Sanders*, No. 20-1005 WJ/SCY, 2021 WL 1634406, at *3 n.4 (D.N.M. Apr. 27, 2021) (staying all discovery except specific documents defense counsel had agreed to produce and a co-defendant's responses to previously served requests for production))). Accordingly, this stay order should not prejudice Plaintiff's preparations for the preliminary injunction hearing. Nevertheless, to ensure that there will be no prejudice to Plaintiff in that respect, the Court has continued the preliminary injunction hearing to February 5, 2027, and scheduled a hearing on Defendants' motion for judgment on the pleadings for December 17, 2026, with the intention of ruling on the latter motion before the February 5, 2027 hearing. Further, pursuant to the agreement of Plaintiff's counsel and Defendants' counsel, the Court has entered a separate order on the docket extending the date on which that Stipulated Interim Order expires to the new preliminary injunction hearing date.

## Conclusion

For the foregoing reasons, Defendants' Emergency Motion To Stay Discovery And For Protective Order Pending Resolution Of Motion For Judgment On The Pleadings (**Doc. 36**) is **GRANTED**. Discovery is stayed as set forth above.

**IT IS SO ORDERED this 25th day of November, 2026.**

Kevin Sweazea

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE